(68 South. 949.)

No. 21387.

STATE v. THOMPSON et al.

(June 7, 1915.)

*(Syllabus by the Court.)*

**1. Jury ☞72—Names in Jury Box—Secrecy—Attesting Witnesses.**

The provision of Act No. 182 of 1914, relative to the secrecy to be observed as to the names of tales jurors placed in the box, has no reference to the two or more disinterested witnesses required by law to attend the meeting of the jury commission, and to attest the procès verbal of the selection of jurors.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 333–347; Dec. Dig. ☞72.]

**2. Indictment and Information ☞161—Correction of Date—Time.**

An impossible date in an information may be corrected by amendment at any time, with leave of the court.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 516–523; Dec. Dig. ☞161.]

**3. Grand Jury ☞41—Confession before Grand Jury—Testimony of Grand Juror.**

A voluntary confession of the accused before the grand jury may be proved by any member of that body, without a disclosure of the secrets of the grand jury room.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. ☞41.]

**4. Criminal Law ☞829—Refusal of Instructions Covered.**

Requested instructions on a subject-matter covered by the general charge may be refused by the judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ☞829.]

Appeal from Fourth Judicial District Court, Parish of Union; John B. Holstein, Judge.

Hub Thompson and another were convicted of burglary of a dwelling house in the nighttime, and appeal. Affirmed.

H. G. Fields, of Farmersville, for appellants. R. G. Pleasant, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. The two defendants charged with the burglary of a dwelling house in the nighttime were tried, found guilty, and sentenced to the penitentiary. Both appealed, and rely for reversal on the several bills of exception set forth in the record.

**Bills Nos. 1, 3, 4.**

The defendant Farley filed a motion to quash the regular venire, and also a list of tales jurors, both drawn by the jury commission, at the same meeting, on the ground that the commission did not provide "for a jury term and venire" for the month in which the court was being held, but for a different date, as shown by the procès verbal of said commission, filed on January 21, 1915, and on the further ground that said tales list was witnessed by two certain persons, and was not kept secret as required by Act 182 of 1914. The motion was tried and overruled by the court, and the defendant excepted.

The first ground in the motion to quash is based on a clerical error in the procès verbal of the jury commissions, whereby "April 20, 1914," was substituted for April 20, 1915, the true date of the beginning of the service of the petit jurors, as fixed by the order of the court.

As to the second ground the judge says:

"The procès verbal and the evidence shows that at its meeting on January 21, 1915, the jury commission supplemented the tales jurors in the box in order to bring the number up to 100 as required by law; that no person was present or had knowledge of these proceedings or of the names placed therein, except the two attesting witnesses called in the beginning of the meeting of the commission to witness its acts. * * * "Except for the witnesses the names of the tales jurors were kept secret, and the witnesses took passing notice, if any notice at all, of the names placed in the box."

[1] Act 182 of 1914 is an amendment of section 11 of Act 135 of 1898, relative to juries in the state of Louisiana, and the later act requires that all the proceedings of a jury commission shall be had in the presence of two or more disinterested witnesses to be

summoned by the clerk of the court, and that a procès verbal of its acts shall be signed by the clerk of court, the members of the commission, and the witnesses. See Id. §§ 4, 5, and 6. As under Act 182 of 1914 it is made the duty of the jury commission, every time it draws a regular petit jury for the trial of criminal cases, to select 100 tales jurors, it follows that such selection is but an incident to proceedings which the law imperatively requires to be had in the presence of two or more disinterested witnesses. Hence the provision of Act 182 of 1914, that the jury commission shall not make known in any manner the name of tales jurors placed in the box, has no reference whatever to witnesses required by law to attend the meetings of the commission.

[2] Bill No. 2 was taken to the action of the court in permitting the district attorney to amend the information so as to correct an impossible date therein stated. This bill has no merit.

[3] Bill No. 5 was reserved to the action of the court in permitting a statement made by the defendant Farley before the grand jury, to be received in evidence. According to the per curiam of the judge, it appears that said defendant sent a message to the grand jury then in session that he desired to make a statement before that body relative to the offense, with which he was charged, and was permitted to do so. The judge says:

"Before making any statement whatever, and before he was asked anything about the matter, he was informed that he did not have to testify or make any statement, but that the grand jurors would hear any voluntary statement he desired to make, without offering him any promise or inducement to make a statement."

The judge further states that thereupon the defendant made a free and voluntary statement reiterating and reaffirming a written confession formerly made by him.

The objection to the evidence was, in effect, that the witness called to prove the alleged confession was a member of the said grand jury, and proceedings before that body were secret and could not be divulged; that said defendant could not be made to testify before the grand jury, was not free from influence, was in jail, and no immunity was granted to him, and finally the evidence could not be used against the defendant Thompson.

[4] The court instructed the jury several times that the alleged confession of Farley could not be considered as affecting Thompson in any way, and as to him should be disregarded.

In State v. Donelson, 45 La. Ann. 745, 12 South. 922, it was held that, while a party accused cannot be required, by the grand jury, to testify before that body against his protest and in opposition to his expressed desire to avail himself of his constitutional privilege, he may, after being fully advised as to his legal rights, become a voluntary witness before the grand jury, and must in that case answer all proper questions propounded to him. In the case at bar, the bill does not disclose that the defendant testified before the grand jury, but made a voluntary statement before that body. In the same case, the court held, as a settled rule of law, that, when two persons are charged with the same offense, the confession of one, though implicating the other, may be properly admitted in evidence against the party making it, but not against his codefendant, and the jury should be so instructed.

Counsel for defendants cite the following cases:

State v. Lewis, 38 La. Ann. 680, holding that criminal courts have no authority to examine members of the grand jury as to the evidence on which an indictment was found.

State v. Comeau, 48 La. Ann. 250, 19 South. 130, that a member of the grand jury cannot be permitted to impeach its finding, by testifying that a witness before that body was not sworn.

State v. Richard, 50 La. Ann. 210, 23

South. 331, holding that the district attorney cannot be permitted to testify that an indictment had been preferred without evidence of the guilt of the accused.

State v. Perioux, 107 La. 601, 31 South. 1016, holding that jurors are not competent witnesses to impeach their verdict.

None of these authorities are applicable to a voluntary confession by the accused before a grand jury.

Confessions of accused persons, made while under arrest or in person, when free and voluntary, are admissible in evidence, "whether made to private individuals, to officers of the law, to persons in authority, or to the persons arresting or holding accused in custody." Marr's Crim. Juris. § 392.

The grand jury, charged with the duty of inquiring into the commission of all offenses against the law of the state, is vested with plenary powers of investigation.

Its authority to receive voluntary statements and confessions is undisputed, and the testimony of its members as to such statements and confessions is in no wise a disclosure of the secrets of the grand jury room.

Bill No. 6 was reserved to the refusal of the judge to charge that "possession must be shown to be with the defendant or he must be connected therewith and he must have knowledge thereof." The judge states that this was a separate charge asked by defendant's counsel, and that it was neither correct as an abstract proposition of law nor applicable to the facts of the case. The requested special charge seems to have been intended as an amendment to a part of the charge of the court reading as follows:

"From the recent possession of stolen property, guilt may be inferred in charges or questions of larceny, unless there is a reasonable account given of the property as lawfully and not feloniously obtained. This inference or presumption is strengthened or weakened in accordance with the length of time between the theft and the time of finding the property."

This charge necessarily implies recent possession of stolen property by the accused and correctly charges the law relative to the presumption arising from the possession of stolen property.

Bill No. 7 to the overruling of the motion for a new trial raised no new issue.

Judgment affirmed.