236 So.2d 773

**STATE of Louisiana**

v.

**Kirby TERREBONNE, Jr.**

No. 50430.

June 8, 1970.

Dissenting Opinion June 18, 1970.

Rehearing Denied June 29, 1970.

Hamlin, J., concurred in result.

McCaleb and Barham, JJ., dissented and filed opinions.

Sanders, J., not participating.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Wilmore J. Broussard, Jr., Dist. Atty., Walter I. Lanier, Jr., Asst. Dist. Atty., for plaintiff-relator.

Jack Wise, Ralph D. Hillman, Thibodaux, for defendant-respondent.

SUMMERS, Justice.

Certiorari was granted to review the trial judge's ruling that the testimony of a witness before the grand jury which indicted defendant was inadmissible at defendant's trial to prove a prior inconsistent statement of that witness. After due consideration we find the ruling to be correct.

Kirby Terrebonne, Jr., was indicted by the Lafourche Parish Grand Jury on April 10, 1969 for the armed robbery of Ernest Yelverton on February 15, 1969, contrary to Article 64 of the Louisiana Criminal Code. He was arraigned and pleaded not guilty.

During the course of the trial, which followed in February 1970, the State presented its evidence and rested. The following day defense counsel presented the testimony of one witness in its entirety and then called Linda Bible Wilson. By this witness' testimony the defense sought to establish an alibi for the accused. When the defense concluded its direct examination, the witness Linda Bible Wilson was tendered for cross-examination by the State.

While the witness was under cross-examination, the State moved that the jury be retired in order that it might present a request to the Court out of the jury's presence. The jury was retired, and the State requested permission to use the witness' testimony before the grand jury to show that she had given testimony under oath which was inconsistent with her testimony at the trial. It was the State's position that the grand jury testimony would lead to the impeachment of the witness. Defense counsel objected that the proceedings of the grand jury were secret, and the objection was sustained. A bill of exceptions reserved by the State to this ruling was later perfected and formed the basis for the writ under consideration.

Defense counsel's objection and the trial judge's ruling were based upon Article 434 of the Code of Criminal Procedure:

Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matter occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the district attorney, or with the court.

Any person who violates the provisions of this article shall be in constructive contempt of court.

As Article 434 sets forth, grand jury proceedings in this State as a general proposition are secret. Specific safeguards to maintain this secrecy are contained in Article 431 of the Code of Criminal Procedure requiring grand jurors to take an oath to

\* \* \* keep secret your own counsel and that of your fellows and of the state, and will not, except when authorized by law, disclose testimony of any witness examined before you, nor disclose anything which any grand juror may have said, or how any grand juror may have voted on any matter before you.

To further assure the secrecy of grand jury proceedings only certain persons specifically authorized by law may be present at its sessions; these are the district attorney and his assistants, the witnesses under examination, an interpreter and the person recording the testimony. La.Code Crim. Proc. art. 433. And a witness who is to testify before the grand jury must be administered an oath "to keep secret, except as authorized by law, matters which he learns at the grand jury meeting." La. Code Crim.Proc. art. 440. In like manner, interpreters and persons employed to record and transcribe the testimony and proceedings are required to take an oath to "keep secret the grand jury proceedings." La.Code Crim.Proc. art. 441.

Section 471 of Title 15 of the Revised Statutes denies the competency of grand jurors or the district attorney to testify "as to anything that took place before the grand jury during its sessions", but it does

permit them to testify "in any prosecution for perjury or false swearing" alleged to have been committed before the grand jury.

In State v. Revere, 232 La. 184, 94 So.2d 25 (1957), in a thorough discussion of the historical background and the general concept underlying the creation and function of the grand jury, Chief Justice Fournet said:

> Not only has the grand jury been, traditionally, an inquisitorial body charged with determining whether probable grounds for suspicion of a crime exists, but, from its very beginning, its sessions have been surrounded by a cloak of seclusion and secrecy that has been jealously guarded and preserved during the intervening centuries as the only means of insuring that it be permitted the freedom of action necessary for a vigorous and effective discharge of its duties. The reasons underlying this necessity for secrecy are manyfold. Among them are: (1) It promotes freedom in the disclosure of crime; (2) prevents coercion of grand jurors through outside influence and intimidation and thus permits a freedom of deliberation and opinion otherwise impossible; (3) protects the safety and freedom of witnesses and permits the greatest possible latitude in their voluntary testimony; (4) prevents perjury by all persons appearing before the grand jury; (5) prevents the suborna-
>
> tion of perjury by withholding facts that, if known, the accused or his confederates might attempt to disprove by false evidence and testimony; (6) avoids the danger of the accused escaping and eluding arrest before the indictment can be returned; and (7) keeps the good names of the persons considered, but not indicted, from being besmirched. Thus it may be seen that the secrecy that has from time immemorial surrounded the grand jury sessions is not only for the protection of the jurors and the witnesses, but for the state, the accused, and, as has been said, for society as a whole. 232 La. at 194, 94 So.2d at 29.

Again this Court, more recently, in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), in considering the secrecy of a witness' testimony before the grand jury, said:

> Defense counsel, while cross-examining the State's principal witness, Frank Wilson, asked: "Did you tell the Grand Jury the same thing you're telling this Court here today?"
>
> Testimony of witnesses before a grand jury is secret. La.Code Crim.Proc. art. 434. And witnesses who appear before the grand jury are required to take an oath to keep secret, except as authorized by law, matters which they learn at the grand jury meeting. La.Code Crim. Proc. art. 440. These requirements of secrecy are imposed so that those whose

indictment may be contemplated will not flee, or importune the grand jury; to assure freedom in the jury's deliberations; to deter subornation of perjury or tampering with grand jury witnesses who may testify at the trial; to encourage the free disclosure of information relative to crimes and to protect the innocent accused from disclosure of the fact that he has been under investigation. See Comment, La.Code Crim.Proc. art. 433.

To permit a review of the evidence considered by the grand jury would destroy the veil of secrecy with which the law surrounds both the proceedings and the testimony presented to the grand jury. See Comment La.Code Crim.Proc. art. 442. Having failed to establish that the question was proper under one of the exceptions to the rule of secrecy authorized by law, defendants have no right to demand disclosure of grand jury testimony. La.Code Crim.Proc. arts. 434, 440. The trial judge properly sustained the State's objection to this question. 253 La. at 1025, 221 So.2d at 496.

The Hudson Case is ample authority to support the trial judge's ruling. We shall, nevertheless, advert again to Article 434 of the Code of Criminal Procedure in support of the conclusion reached in this decision. It will be seen by reference to that article that there is a broad, but emphatic, requirement that "all matters" occurring before the grand jury be kept secret. The article then proceeds to provide for two general exceptions to the rule of secrecy.

The first exception, which does not concern this case, permits revelation, after indictment, to specified properly interested persons, of testimony concerning statutory irregularities in grand jury proceedings.

Under Article 124 of the Criminal Code inconsistent statements made before the grand jury and at the subsequent trial of the case constitute perjury. See Comments (d), La.Code Crim.Proc. art. 434. The second exception, in conformity with the rule of Section 471 of Title 15 of the Revised Statutes, permits disclosure of grand jury testimony to show perjury.

■ Thus the language of Article 434 which is pertinent to the issue before us is: "Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury." Taken in the context of the statutes and jurisprudence to which we have alluded, we conclude that this language means that the witness' testimony before the grand jury may be used when that witness is being prosecuted for the crime of perjury. Such a prosecution is, plainly, a separate and distinct proceeding subsequent to the trial of the case in which the witness made the contradictory statement and committed the perjury. The words "to show that a witness committed

perjury" contemplate that the evidence of the inconsistent statements will be used in a prosecution after a proper charge for the specific crime. It does not mean that the district attorney may use the record of the proceeding before the grand jury to impeach a witness at the trial. To further support this view, Section 471 of Title 15 of the Revised Statutes permits grand jurors and the district attorney to testify concerning grand jury proceedings only "in any prosecution for perjury or false swearing."

To permit a violation of grand jury secrecy for the purposes advanced here would run counter to the strongest policy consideration supporting grand jury secrecy: "to encourage the free disclosure of information relative to crime." And it will not do to argue, as the State does, that the obligation of secrecy is no longer of importance when the indictment has been found, the indicted accused is in custody and the grand jury is finally discharged.

For the law's concern is with the grand jury as a permanent institution and the policy considerations mentioned are to be served on a long term basis, not simply during the life of each grand jury. Thus we cannot understand how secrecy can promote the policy "to encourage the free disclosure of information relative to crime" if, upon discharge of the jury, the obligation of secrecy no longer obtains. Such a system would, in the eyes of any astute observer, render the proffered protection of secrecy a sham, and the temporary character of the veil of secrecy would, instead, do everything to *discourage* the free disclosure of information relative to crime at all subsequent grand jury sessions.

The view we have adopted does nothing to encourage witnesses to perjure themselves either in the grand jury session or at the subsequent trial as the argument suggests. To the contrary, false swearing remains punishable as perjury, and the record of the grand jury testimony, under the exception announced in Article 434, may be produced on the witness' trial for perjury, not otherwise. Any extension of the exceptions to secrecy announced in Article 434 would, in our opinion, immeasurably weaken the effectiveness of the grand jury as an inquisitorial body; for it was never intended that witnesses who honestly err in their testimony before the grand jury, and who later discover the error and correct it in their testimony at the trial, should have their testimony impeached.

As this Court declared in State v. Revere, the secrecy of the grand jury must serve to protect the jurors, the witnesses, the State, the accused and society as a whole. It is inevitable that in fulfilling this role the requirements of secrecy must come in conflict with one or more of the many demands of the law. In the face of these conflicts, the tradition of the law requires that secrecy must prevail, unless it

be dispensed with by a clear and specific legislative mandate.

There is no legislation requiring that grand jury secrecy be dispensed with and that testimony before that body be revealed to satisfy the requirements of Section 493 of Title 15 of the Revised Statutes dealing with impeaching the credibility of witnesses. Until the Legislature directs otherwise, we shall uphold the secrecy of the grand jury.

The State relies to a great extent upon State v. Johnson, 220 La. 170, 56 So.2d 143 (1950), to support its position. The opinion in the Johnson Case made no mention of the statutory requirement in effect at the time that "The sessions of the grand jury shall be secret * * *" La.R.S. 15:215(1951). Moreover, the Johnson Case was impliedly overruled by the decision in State v. Revere, 232 La. 184, 94 So.2d 25 (1957), when that decision declared most emphatically that the secrecy of the grand jury could not be invaded in any manner unless specifically authorized by statute. The author of the Johnson opinion, who dissented in the Revere decision, recognized the Revere Case to be "in discord with previous holdings of this Court", obviously referring to the Johnson Case which is neither mentioned in the majority decision nor in the dissent. We think, too, that Article 434 of the Code of Civil Procedure, effective January 1, 1967, further overruled the Johnson Case when

it provided only two exceptions to the rule of secrecy, failing to recognize the right to impeach a witness with grand jury testimony as one of those exceptions.

It is of assistance to note that the redactors of the Code of Criminal Procedure recognized the broader scope of the secrecy obligation under the new Code:

(b) The obligation of secrecy applies to the grand jury and "all other persons present at a grand jury meeting." This includes the district attorney and his assistants, the stenographer or other person who records the proceedings, any interpreter, and witnesses who appear before the grand jury. The 1928 Code provisions were clear in imposing secrecy upon grand jurors, stenographers, and interpreters (Arts. 204 and 215), but there was no direct statutory imposition of secrecy upon *witnesses* who appeared before the grand jury. The court, however, construed the oath required of witnesses (former Art. 212), which says nothing of secrecy, and the general mandate of secrecy in former Art. 215, to require secrecy of a witness. State v. Revere, 232 La. 184, 94 So.2d 25 (1957).

*    *    *    *    *    *

(c) The obligation of secrecy is extended (by Article 434 of the new Code) beyond the source provisions of the 1928 Code, to include all persons having confidential access to information concerning grand jury proceedings, * * *

La.Code Crim.Proc. art. 434, Comment (b) and (c).

The ruling of the trial court is affirmed.

HAMLIN, J., concurs in the result, being of the view that the trial judge did not abuse the discretion vested in him by C.C.P. Art. 434.

McCALEB and BARHAM, JJ., dissent with written reasons.

SANDERS, J., did not participate.

McCALEB, Justice (dissenting).

The majority ruling that the credibility of a witness, who testified before the grand jury and gave a statement inconsistent with the testimony given by her at the trial, may not be impeached by her prior inconsistent statement constitutes, in my opinion, a backward step in the administration of justice. It is unsound, and I find no support for the ruling in the Code of Criminal Procedure or the jurisprudence here [1] and little elsewhere.[2]

To begin with, the impeachment of the witness in the instant case by her prior inconsistent statement before the grand jury is authorized by R.S. 15:493 (re-enacted by Act 311 of 1966) which provides that the credibility of a witness may be impeached "* * * by proof of *any statement* made by him contradictory to his testimony, * * *" upon laying a proper foundation

therefor. No exceptions are contained in this statute and, when the majority holds that it does not apply to testimony given before the grand jury, it effectually rewrites the law.

In the second place, the narrow interpretation given Article 434 of the Code of Criminal Procedure is unrealistic. For it takes no more than a casual reading of that article and the kindred articles concerning grand juries, together with the reporter's comments thereon, to make it perfectly clear that the 1966 code liberalizes, instead of restricting, inquiry judicially or otherwise with relation to testimony given by witnesses before the grand jury *after indictment* and the conclusion is inescapable that the secrecy of grand jury proceedings was not intended to apply to witnesses giving, after the grand jury session is ended, an account of their own (as distinguished from other witnesses) testimony before the grand jury. Article 434, after providing that all persons having confidential access to grand jury proceedings shall keep secret the testimony of witnesses, states: "However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the district attorney, or the court, and may testify concerning them." It also declares that such persons having confidential access concerning grand jury

---

1. Except in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).

2. See 38 Am.Jur.2d Grand Jury, Sec. 41, pp. 988, 989.

proceedings may disclose testimony given before the grand jury, "* * * *at any time* when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury." And the article continues, by providing in its last sentence that "A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the district attorney, or with the court."

Thus it is seen that the 1966 Code of Criminal Procedure, far from placing roadblocks to prevent impeachment of a witness at the trial by his prior inconsistent statements made before the grand jury, has provided an avenue for inquiry whereby the prosecution, the defense and the court may examine the testimony of grand jury witnesses or irregularity in the proceedings in any proper case and may even discuss with a witness his testimony before the grand jury. Obviously, these exceptions were inserted in Article 434 to promote justice by subordinating the rules for secrecy of the grand jury proceedings, after an indictment has been returned, to the higher goal of promoting justice—a quest for truth which is the primary function of the judicial process.[3]

The majority further opines that State v. Johnson, 220 La. 170, 56 So.2d 143 (1951), a case on all fours with the one at bar wherein an opposite conclusion was reached, "* * * was impliedly overruled by the decision in State v. Revere, 232 La. 184, 94 So.2d 25 [1957]." I take issue with this statement for the question for decision in the Revere case had nothing whatever to do with the question presented and decided in the Johnson case. In State v. Revere the question was whether an in-

---

3. In citing the comments, especially comment (b), under Article 434, the majority erroneously conclude " * * * that the redactors of the Code of Criminal Procedure recognized the broader scope of the secrecy obligation under the new Code * * *." And, for substantiation of this deduction, the opinion quotes from the first portions of the reporter's comments (b) but fails to include the following:

"The secrecy required of a witness appearing before the grand jury does not preclude the witness from discussing his knowledge of the facts of a case with defense counsel, or with anyone else. Furthermore, the article expressly permits the witness to discuss his testimony given before the grand jury with those having a legitimate interest in that testimony, *i. e.*, defense counsel, the district attorney, or the court. The secrecy required of a witness serves to restrain him from disclosing matters which he learns by being present at the grand jury meeting, such as (1) what offenses are under investigation, (2) which persons are under investigation, and (3) the names of persons who have been, or will be, called to testify. The scope of the witness's obligation of secrecy is also stated in the oath required of the witness. Art. 440. As thus stated, the witness's obligation of secrecy affords a large measure of protection to grand jury proceedings *but does not curtail a defense attorney's discovery of facts concerning the case.*" (Italics mine)

vestigator of the district attorney's office, who had been administered an oath of secrecy and operated a machine which recorded the testimony before the grand jury, was an authorized person in the grand jury room and whether his presence in the grand jury room constituted a valid ground for quashing the indictment. The court ruled in the affirmative and quashed the indictment, a conclusion with which I did not agree, citing jurisprudence to the contrary in the dissent. That decision has since been corrected by Article 433, subd. A(3) of the Code of Criminal Procedure which provides that a person sworn to record the proceedings of a grand jury may be present at its sessions. In any event, the ruling there is not authority for the question presented in this case or the Johnson case.

The statements quoted from State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), do support the majority ruling herein, and I readily acknowledge that their significance escaped my notice at the time I subscribed to the opinion. Nonetheless, I believe the rationale for the conclusion is incorrect, albeit the result reached may well have been placed on the ground that the question propounded there by defense counsel ("Did you tell the Grand Jury the same thing you're telling this Court here today?") was too general to form the proper predicate for impeachment of the State's witness under R.S. 15:493 and, hence, objectionable.

Finally, it is to be noted that the ruling of the majority finds little support in the decisions of our sister states or in the federal courts. Since the grand jury system in this country stems from the common law of England, it would seem that citations of authorities from other American jurisdictions would be pertinent and helpful to the Court's conclusion. Yet, not a single authority is cited although there is a wealth of jurisprudence in point.

The Johnson case, as research will show, is sustained by our prior jurisprudence (see State v. Thompson, 137 La. 547, 68 So. 949 [1915]) and by the overwhelming authority in cases from other jurisdictions. For it is the law elsewhere that testimony given by a witness on the trial of a case may be discredited by his prior inconsistent testimony before the grand jury. See 98 C.J.S. Witnesses § 594c, p. 576, 577; 38 C.J.S. Grand Juries § 43, p. 1060–1063; 38 Am.Jur.2d, Grand Jury, Sec. 41, p. 987; Annotation 127 A.L.R. 285; and VIII Wigmore on Evidence, McNaughton's Revision (1961), Sec. 2362, p. 736.[4]

4. This section of Wigmore contains an excellent discussion on the reasons why the testimony of a witness at the trial of a case may be discredited by prior inconsistent statements he gave before the grand jury which returned the indictment. The text states:

"The witnesses and the complainants appearing before the grand jury must be guaranteed temporarily against com-

I respectfully dissent.

BARHAM, Justice (dissenting).

I subscribe to the dissent of Mr. Justice McCaleb. The majority has treated the

pulsory disclosure of their testimony and complaints because otherwise the state could not expect to secure ample quantity of evidence for the information of the grand jury. The secrecy is the state's inducement for obtaining testimony. The policy is analogous to that of the privilege for informers in general * * *.

"The privilege, therefore, is not the grand juror's for he is merely an indifferent mouthpiece of the disclosure. Nor is it entirely the state's, for the state's interest is merely the motive for constituting the privilege. The theory of the privilege is that the witness is guaranteed against compulsory disclosure; the *privilege* must therefore be *that of the witness*, and rests upon his consent.

"But obviously the secrecy that is guaranteed is only *temporary* and provisional. Permanent secrecy would be more than is necessary to render the witness willing. Moreover, it would go too far by creating an opportunity for abuse, since a corrupt witness would be able to utilize it for perjured charges. This much is now universally conceded.

"But what are the limits of this temporary secrecy? The answer is, on principle, that it ceases when the grand jury has finished its duties and has either indicted or discharged the persons accused:

"(1) If the grand jury *indicts* D on W's testimony, it is plain that secrecy is no longer of any avail, for W will be summoned as a witness at the trial and will be compellable to testify. If he tells the truth and the truth is the same as he testified before the grand jury, the disclosure of the former testimony cannot possibly bring to him ·any harm (in the shape of corporal injury

provision "* * * Such persons may disclose testimony given before the grand jury, *at any time when permitted by the court,* to show that a witness committed *perjury* in his testimony before the grand

or personal ill will) which his testimony on the open trial does not equally tend to produce. If on the other hand his testimony now is inconsistent with that before the grand jury, the privilege ought not to apply. The need for the evidence in the criminal prosecution of D exceeds any injury that would inure to the witness-grand jury relation.

"(2) If, on the contrary, the grand jury, after hearing W's testimony, nevertheless discharges D, there may now be a motive for W to desire secrecy, as when on a subsequent trial it is desired to impeach W as a witness by showing his biased utterances against D before the grand jury. But here the privilege ought also to cease for another reason, namely, that the chance that such a disclosure will be called for is too small a contingency to have any effect a priori, in rendering W unwilling to make complaint or give testimony before the grand jury; W naturally will have expected that D would be indicted. Moreover, when W is summoned on a civil trial involving the same matters as the criminal charge and it is desired to impeach him by his former testimony, all motive for secrecy ends for the same reasons noted in paragraph (1) *supra*. Furthermore, in the other rare contingencies in which his testimony before the grand jury might become relevant * * *, justice requires in any case that W should not be exempted from disclosure.

"There remain, therefore, on principle, no cases at all in which, *after the grand-jury's functions are ended*, the privilege of the witnesses not to have their testimony disclosed should be deemed to continue.

"This is, in effect, the law as generally accepted today. It is, however, not usually stated in such a broad form.

jury" as having application only to a criminal prosecution for the crime perjury. (Emphasis mine.) Of course, *no* court permission is necessary for the disclosure of perjured testimony at a criminal trial for perjury. Additionally, of what value are the words "at any time" if the article is to be restricted to a *criminal prosecution for perjury*? The redactors and the Legislature obviously intended that in *any* court proceeding testimony before the grand jury may be used to show that one has testified falsely under oath—that is, has perjured himself. As pointed out by Mr. Justice McCaleb, R.S. 15:493 is specific statutory authority to use this testimony to impeach a witness by showing a contradictory statement under oath, and court permission is unnecessary.

I find it impossible to accept the restrictive application of Code of Criminal Procedure Article 434 as interpreted by the majority. The last sentence of that article, which provides that a witness may discuss his testimony with counsel or the district attorney even in the absence of court supervision, is certainly broad in scope. Why, then, should not the State and the defendant in a criminal prosecution *in court* be allowed to thwart the injustices which would occur in those proceedings if contradictory and false testimony of witnesses cannot be exposed? Punishment of one for perjury will not free another convicted on the perjured testimony, nor will it provide the State an opportunity for obtaining a just conviction under truth. Our Legislature obviously intended to codify and even expand the jurisprudence of this state which had previously removed some of the secrecy from the grand jury proceedings. It is our obligation to implement its obvious intent.

I readily acknowledge the error of the discussion to the contrary in State v. Hudson, 253 La. 992, 221 So.2d 484.

McCALEB and BARHAM, JJ., are of the opinion a rehearing should be granted.

---

The common phrase is that disclosure may be required '*whenever it becomes necessary in the course of justice.*' Disregarding a few local exceptions, this is in practice no narrower a rule than the one above deducible from principle."