I/WILLIAMS, Judge,
dissents.
Because I disagree with the majority’s decision concerning the admissibility of the defendant’s grand jury testimony at trial, I respectfully dissent.
The majority first cites, and then disregards, LSA-C.Cr.P. art. 434, which provides that all persons present at a grand jury meeting shall keep secret the testimony of witnesses. Louisiana courts have consistently held that the proceedings of the grand jury are secret and testimony taken before the grand jury cannot be used in a trial except for the two narrow exceptions provided in Article 434, and the jurisprudential exception arising when the testimony before the grand jury encompasses exculpatory material. See State v. Terrebonne, 256 La. 385, 236 So.2d 773 (1970); State v. Barker, 628 So.2d 168 (La.App. 2d Cir.1993); State v. Hampton, 94-1943 (La.App. 4th Cir. 12/27/96), 686 So.2d 1021, writ denied, 97-0166 (La.6/13/97), 695 So.2d 986.
In State v. Robinson, 423 So.2d 1053 (La.1982), the Louisiana Supreme Court stated that the “defendant’s testimony before the grand jury cannot be used at his subsequent trial even for impeachment on cross examination except in a prosecution for perjury.” Although appearing in a footnote, this statement by the supreme court is quite persuasive as confirmation of the well-settled legal rule.
The majority cannot cite any authority to support its view that the prosecution may introduce defendant’s grand jury testimony as evidence against him at trial to establish his guilt. Curiously, the majority grasps this lack of authority as a rationale for admitting the defendant’s grand jury testimony despite the provisions of article 434. The fact that defendant’s attorney was present during the grand jury appearance is not a persuasive argument for admitting such testimony, since pursuant to LSA-C.Cr.P. art. 433(A)(2), defense counsel was prohibited from making any objections to prosecution questions and from presenting argument. Thus, contrary to the majority’s assertion, “all the 1 ^constitutional safeguards” were not in place.
Nor am I persuaded by the state’s argument that defendant’s grand jury testimony is admissible at trial because he chose to testify and waive his right to remain silent. Neither Article 433(A) nor Article 439.1 provide that the secrecy of the grand jury proceeding required by Article 434 does not pertain to testimony by a represented witness who is a target and who voluntarily testifies before the grand jury. Applying the express statutory language and considering that the state’s use of defendant’s grand jury testimony did not fall within any of the exceptions to the rule of grand jury secrecy, I must conclude that the district court erred in admitting the testimony into evidence at trial for the purpose of establishing defendant’s guilt.
The defendant invoked his constitutionally protected privilege against self-incrimination and refused to testify at trial. Thus, the improper admission of the grand jury testimony to establish guilt adversely affected substantial rights of the accused and constitutes reversible error. Accordingly, I would reverse the defendant’s conviction on this ground and remand the case to the district court for further proceedings.
*1025 Before WILLIAMS, GASKINS, CARAWAY, PEATROSS and KOSTELKA, JJ.