ON REHEARING
| |WILLIAMS, J.,
On Rehearing.
The defendant, Charles Poland, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. After a jury trial, the defendant was found guilty of manslaughter, a violation of LSA-R.S. 14:31. The trial court imposed the maximum sentence of forty years imprisonment at hard labor and denied a timely motion to reconsider sentence. The defendant appeals his conviction and sentence. Concluding that the defendant’s prior testimony before the grand jury was improperly admitted into evidence to establish guilt, we set aside the conviction, vacate the sentence and remand for further proceedings.
FACTS
On the evening of August 6, 1997, the defendant summoned authorities from the Franklin Parish Sheriffs Office to his residence. When Deputy Larry Crum arrived at the residence at 8:34 p.m., he observed the body of a male lying on the ground in front of a pickup truck. The 59-year-old victim, James Howard Poland, had died as a result of a single gunshot wound to the chest. The victim was the defendant’s cousin.
When Deputy Crum arrived, the defendant approached him and stated that the victim “pulled a knife on me and I had to shoot him.” According to Deputy Crum, a knife was found in the victim’s left hand with the blade turned backward. Deputy Crum retrieved the gun used in this offense from the defendant’s vehicle. The deputy stated that the defendant had been drinking, but was coherent.
Deputy Robert Posey was dispatched to the crime scene, where he took photographs and gathered evidence. Deputy Posey testified that the victim held a brown knife in his left hand and that a burned cigarette paper was attached to a left finger. A white knife was found in the victim’s right front pocket, but that weapon had not been exposed. A metal can, a cigarette butt, a lighter and a beer can were found near the body. According to Posey, the defendant appeared calm and settled pat the Sheriffs office. After being advised of his Miranda rights, the defendant stated, “He came at me with an attitude and he hit me twice with a knife and I shot him in self defense. I want a lawyer.”
The defendant was charged by grand jury indictment with second degree murder. At trial, the prosecution sought to introduce the defendant’s testimony given to the grand jury to show that the defendant made prior inconsistent statements. Even though the defendant chose not to testify at trial, the state argued that because defendant had been informed of his Miranda rights prior to testifying before the grand jury, the testimony was admissible at trial to show inconsistencies with statements the defendant gave to law enforcement officials immediately after the shooting. Over the defendant’s strenuous objection, the trial court allowed the jurors to hear a tape recording of the defendant’s testimony to the grand jury.
Following the trial, the jury found the defendant guilty of manslaughter. The trial court sentenced the defendant to serve forty years at hard labor with credit for time served and denied the defendant’s timely motion to reconsider sentence. The defendant appeals his conviction and sentence.
DISCUSSION
The defendant contends the trial court erred in admitting into evidence his grand jury testimony in this case. The defendant argues that the use of his grand jury testimony in the prosecution’s case-in-chief to establish guilt violated his right to receive a fair trial.
LSA-C.Cr.P. art. 434 provides that all persons present at a grand jury meeting and all those with confidential access to *1026 information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. Article 434 establishes only two exceptions to the requirement of secrecy for grand jury proceedings, to reveal statutory irregularities or to show that a witness committed ^perjury in his testimony before the grand jury. Louisiana courts have consistently held that the proceedings of the grand jury are secret and testimony taken before the grand jury cannot be used in a trial except for the two narrow exceptions provided in Article 434, and the jurisprudential exception arising when the testimony before the grand jury encompasses exculpatory material. See State v. Terrebonne, 256 La. 385, 236 So.2d 773 (La.1970); State v. Barker, 628 So.2d 168 (La.App. 2d Cir.1993); State v. Hampton, 94-1943 (La.App. 4 th Cir. 12/27/96), 686 So.2d 1021, writ denied, 97-0166 (La.6/13/97), 695 So.2d 986.
In State v. Robinson, 423 So.2d 1053 (La.1982), the Louisiana Supreme Court reiterated that the “defendant’s testimony before the grand jury cannot be used at his subsequent trial even for impeachment on cross examination except in a prosecution for perjury.” Although appearing in a footnote, this statement by the supreme court is quite persuasive as confirmation of the well-settled legal rule.
Here, in support of its argument that defendant’s grand jury testimony was admissible at trial, the state cites LSA-C.Cr.P. art. 433, which prohibits the use of a witness’s grand jury testimony against that person if he later becomes a target of the proceeding. The prosecution contends that this article does not specifically prevent the use of grand jury testimony of a person, such as defendant, who is already a target and represented by counsel. The state also cites LSA-C.Cr.P. art. 439.1, which provides that when an individual is ordered to appear and testify before the grand jury, such testimony may not be used against the witness in a criminal case, except in a prosecution for perjury. The state asserts that this provision would be unnecessary if the use of grand jury testimony was prohibited because of the secrecy of the proceedings.
Contrary to the state’s contention, the cited authority does not support its view that the prosecution may introduce defendant’s grand jury testimony as evidence against him at trial to establish his guilt. We are not persuaded by the Lstate’s argument that defendant’s grand jury testimony is admissible at trial because he chose to testify and waive his right to remain silent. Neither Article 433(A) nor Article 439.1 provides that the secrecy of the grand jury proceeding required by Article 434 does not pertain to testimony by a represented witness who is a target and who voluntarily testifies before the grand jury-
Rather, the language of Articles 433 and 439.1 is consistent with that of Article 434 in promoting the objective of grand jury secrecy to encourage the free disclosure of information relative to the possible commission of a crime. The statutory language con templates that evidence of inconsistent statements may be used, if at all, only in a prosecution for the specific crime of perjury. Terrebonne, supra; Hampton, supra.
Nor does the fact that defendant’s attorney was present during the grand jury appearance constitute a persuasive justification for admitting defendant’s prior testimony, since pursuant to LSA-C.Cr.P. art. 433(A)(2), defense counsel was prohibited from making any objections to prosecution questions and from presenting argument. Thus, all of the constitutional safeguards necessary for proper admission of prior testimony were not in place.
Applying the express statutory language and considering that the state’s use of defendant’s grand jury testimony did not fall within any of the exceptions to the rule of grand jury secrecy, we must conclude that the district court erred in admitting the testimony into evidence at trial for the *1027 purpose of establishing defendant’s guilt. We are aware that not every trial error requires a reversal of the conviction. A judgment should not be reversed by the appellate court because of an error, defect or irregularity which does not affect substantial rights of the accused. LSA-C.Cr.P. art. 921.
In the present case, the defendant invoked his constitutionally protected privilege against self-incrimination and refused to testify at trial. Consequently, | sthe trial court’s improper admission of the grand jury testimony to establish guilt adversely affected substantial rights of the accused and constitutes reversible error.
Accordingly, we must reverse the defendant’s conviction on this ground and remand the case to the district court for further proceedings. In reaching this conclusion, we pretermit a discussion of the defendant’s remaining assignments of error.
CONCLUSION
For the foregoing reasons, the defendant’s conviction for manslaughter is set aside, and the sentence is vacated. The case is remanded to the district court for further proceedings consistent with this opinion.
CONVICTION SET ASIDE, SENTENCE VACATED AND CASE REMANDED.
GASKINS and KOSTELKA, JJ., dissent for the reasons expressed in original opinion.