551 So.2d 9 (1989)
STATE of Louisiana
v.
June A. HENRY.
No. 88-KA-0601.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
Rehearing Denied November 15, 1989.
*10 Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Robert E. Leake, Jr., New Orleans, for defendant/appellant.
Before GARRISON, CIACCIO and BECKER, JJ.
GARRISON, Judge.
The defendant, June Henry, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. After a jury found the defendant guilty as charged, the trial judge sentenced her to fifty years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals her conviction and sentence.
On August 13, 1985, the defendant arrived at the home of her elderly uncle, Louis Braxton, and stated that she wanted some money for food. Braxton gave the defendant some money and she then left his home. Later that evening, the defendant returned to Braxton's home where she found Braxton visiting with Beulah Davis, who is Braxton's elderly sister and the defendant's grandmother. The defendant demanded more money and was told by Braxton that he had none. Braxton testified that the defendant told him "Well, ya'll better have some." Furthermore, the defendant was holding a bag in which Braxton could see what appeared to be the barrel of a gun. The defendant's statement coupled with Braxton's belief that the defendant had a gun prompted Braxton to give the defendant twenty dollars which he was reserving for medical expenses. The defendant then left Braxton's house but returned later. Because Braxton refused to let the defendant inside, she began breaking the windows of the house. Braxton then called the police who captured and arrested the defendant after a short chase.
On appeal, the defendant argues that the trial judge erred in giving improper jury instructions. However, because the defendant failed to make a contemporaneous objection to the jury charges, she is precluded from raising this claim on appeal. State ex rel. Ross v. Blackburn, 403 So.2d 719 (La. 1981).
The defendant also argues that the evidence presented at trial is insufficient to support an armed robbery conviction. Specifically, she claims that the state failed to prove that she was armed with a dangerous weapon.
In order to determine whether the evidence in this case is sufficient to support an armed robbery conviction, this court must decide whether or not a rational trier of fact, when viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Armed robbery is defined in LSA-R.S. 14:64 as "the taking of anything of value belonging to another from the person of another, by use of force or intimidation, while armed with a dangerous weapon."
In this case, questions are raised as to whether the gun in question was real or a *11 toy and whether the defendant was actually armed when she allegedly was only carrying a bag which contained a gun. No gun was ever retrieved in this case.
In State v. Green, 409 So.2d 563 (La. 1982), the defendant used a toy cap pistol to rob a bank. He pointed the pistol at a bank employee, demanded money, and threatened to shoot the employee if she did not comply with his demands. The Louisiana Supreme Court determined that under the circumstances, any witness to the robbery upon observing what appeared to be a life threatening situation could have attempted by use of a gun or other weapon to disarm the defendant and, during such an altercation, death or great bodily injury could occur to the victim, the defendant or a witness. Thus, the Supreme Court concluded that the manner in which the defendant used the toy pistol and its effect on the employees of the bank provided sufficient evidence within the Jackson v. Virginia rule for a jury to find that the toy pistol was a dangerous weapon.
Therefore, whether or not the gun in the instant case was real or a toy is not dispositive of the issue of whether the state proved that the defendant was armed with a dangerous weapon. The main issue is whether or not the gun was utilized by the defendant in such a manner so as to create the risk of death or great bodily harm.
In State v. Gould, 395 So.2d 647 (La. 1980), the defendant handed a bank teller a note that stated:
DON'T TALK! ACT NATURAL! PUT ALL THE BUNDLED MONEY IN THE SACK FIRST. NOW PUT THE REST OF THE MONEY IN. BE CALM & RELAXED AND YOU "WON'T GET SHOT!" DON'T LET ANYONE FOLOW ME.
No gun was brandished by the defendant and no witness ever saw a gun. Furthermore, no gun, real or toy, was ever found. The only evidence regarding the use of a weapon was the defendant's statement after his arrest that he had used a toy pistol and some pictures taken during the robbery which depicted a questionable bulge in the defendant's raincoat pocket.
Based on these facts and the jurisprudence, the Louisiana Supreme Court reversed the defendant's armed robbery conviction and remanded the defendant for resentencing for simple robbery. The Court noted that although an inherently harmless object can be classified as a dangerous weapon when used to replicate such a weapon because such a use is likely to produce death or great bodily harm, the defendant's conduct in that case did not present such a situation. State v. Gould, supra.
In the instant case, the situation was even less threatening than that in the Gould case. The defendant in this case did not brandish a weapon, threaten to shoot anyone or even make reference to having a gun in her possession. No weapon, real or toy, was ever found. The only evidence at trial regarding whether or not the defendant was armed with a dangerous weapon was testimony from the victim and witness that a portion of what appeared to be a gun was protruding from a bag carried by the defendant when she demanded money.
The factual situation of this case clearly does not support an armed robbery conviction. Therefore, we set aside defendant's conviction for armed robbery.
However, the evidence presented at trial sufficiently established that the defendant was guilty of simple robbery, a responsive verdict to a charge of armed robbery as listed in LSA-C.Cr.P. art. 814. LSA-R.S. 14:65 defines simple robbery as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon."
Accordingly, we set aside defendant's conviction and sentence for armed robbery and remand this matter to the trial court with instructions to enter a judgment of guilty of simple robbery and to impose sentence accordingly. In sentencing the defendant, the trial court is further instructed to give the defendant credit for time served.
*12 CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR ENTRY OF JUDGMENT OF GUILTY AND FOR SETENCING