KLEES, Judge.
On June 9, 1988, the defendant Dwight C. Jenkins was charged by grand jury indictment with second degree murder. At trial a twelve member jury found the defendant guilty as charged and he was subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. This appeal follows.
FACTS
Officer John Martin testified that on February 14, 1988, he and his partner, Louisiana state trooper Guidry, responded to the call of a shooting at Frenchman and North Roeheblave, where they found the victim, Daryl Bell, shot to death. Martin obtained the names of eyewitnesses to the shooting.
Detective John Reynolds investigated the shooting. He showed a photographic lineup to six witnesses. Five witnesses, Gladys Cyres, Bryan Cyres, Amanda Cyres, Michael Cyres and Miranda Moon, positively identified the defendant. A sixth, Shemita Bell, made no identification.
Miranda Moon testified she was going to the Bacchus parade with her boyfriend, his family (the Cyreses), Shemita Bell (also known as Lisa), and the victim. The defendant Jenkins pulled up in a car next to theirs and asked the victim to get out of the car. He did and the two spoke. The defendant then shot the victim three times. He then reentered the car and drove away. Moon said the victim had no weapon. She said she recognized the defendant from the neighborhood.
Amanda, Bryan and Gladys Cyres testified to the same facts. Amanda said that after the defendant shot the victim, he laughed at him.
Shemita Bell testified she is the sister of Gladys Cyres and the mother of the victim’s daughter. She said that on the night *33 of the crime, she walked over to where the defendant and victim were talking. She heard the victim say, “Bro, whatever you do, just don’t kill me, Bro, I have a baby.” Shemita asked the defendant what was transpiring and the victim said, “I owe him two hundred dollars.” Shemita had her rent money with her, and she offered it to the defendant, but he refused it and told her to go back to the car, which she did. At that point, she said the defendant turned so that the victim could not see him pull his gun and then turned back around and shot the victim.
Dr. Gerald Luizza, Orleans Parish Coroner’s Office, conducted the autopsy and said the victim suffered three gunshot wounds: one in the upper left chest, one in the upper left quadrant of the abdomen, and a third to the left wrist. He said either of the first two wounds would have been fatal.
ERRORS PATENT REVIEW
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR
After the jury retired to deliberate, the jurors returned and requested further instructions. Among other requests, the jury asked for a clarification of the meaning of “altercation.” The defense argues that if the jury had been provided with a proper definition, it would have found the evidence supported a conviction for manslaughter but not second degree murder.
However, the law is clear that where the defendant fails to make a contemporaneous objection to a jury charge, he is precluded from raising the claim on appeal. State ex rel Ross v. Blackburn, 403 So.2d 719 (La.1981); State v. Henry, 551 So.2d 9 (La.App. 4th Cir.1989). Since the defendant did not object in this case, he is precluded from raising the claim on appeal.
Accordingly, the conviction and sentence of defendant Dwight C. Jenkins are hereby affirmed.
AFFIRMED.