578 So.2d 533 (1991)
STATE of Louisiana
v.
Anthony DOBSON.
No. 90-KA-2112.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1991.
*534 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C), and was sentenced to four years at hard labor.
While on patrol in a marked police car in an area of New Orleans associated with numerous complaints of drug-trafficking, two officers came upon a car parked in the middle of the street. Seeing the defendant leaning inside the car and believing that he was involved in a drug transaction the officers stopped their car and approached the defendant. He discarded a matchbox which the officers retrieved. It contained white powder later found to be cocaine.
A review of the record for errors patent reveals none.
By his only assignment of error defendant contends that the trial court's definition of "reasonable doubt" included in the charge to the jury was erroneous entitling him to a new trial.
In Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the United States Supreme Court found that the jury charge defining reasonable doubt which used the phrases "grave uncertainty," "actual substantial doubt", and "moral certainty" could have led a reasonable juror to interpret the instruction "to allow a finding of guilt based on a degree of proof below that required by the due process clause." The Court reversed the judgment of the Louisiana Supreme Court affirming the defendant's conviction and sentence.
The jury charge in the instant case contains language on reasonable doubt which is almost identical to that which was condemned in Cage. Thus, defendant argues that he is entitled to a reversal of his conviction and a new trial. However, in the present case, unlike Cage, no objection was made at trial to the charge. So the question is whether the lack of a contemporaneous objection to the charge precludes its review on appeal.
C.Cr.P. art. 841 sets out the general contemporaneous objection rule in Louisiana: "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." Art. 801 contains the following provision dealing specifically with a jury charge:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error.
Consistent with these statutes Louisiana appellate courts have refused to consider arguments on jury charges where no contemporaneous objections were made. State v. Thomas, 427 So.2d 428 (La.1982); State v. Mart, 419 So.2d 1216 (La.1982); State v. Henry, 551 So.2d 9 (La.App. 4th Cir.1989); State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989).
Defendant argues that the court should apply the "plain error" doctrine to this case allowing appellate review of the jury charge notwithstanding the absence of a contemporaneous objection. Louisiana rules of criminal procedure do not contain a provision such as Federal Rule of Criminal Procedure 52(b) which specifically provides for the doctrine. The Supreme Court has consistently rejected the "plain error" rule; State v. Arvie, 505 So.2d 44 (La.1987); State v. Thomas, 427 So.2d 428 (La.1982); except in unusual circumstances as in State v. Williamson, 389 So.2d 1328 (La.1980), where the error involved the very definition of the crime of which the defendant was convicted and State v. Green, 493 So.2d 588 (La.1986), where the court considered that the omission of an instruction that the defendant's prior theft conviction could be considered only for the purpose of sentence enhancement and not for the purpose of determining defendant's guilt or innocence could arguably make the statute itself unconstitutional. *535 Such unusual circumstances are not present in the instant case and a departure from the rule against the "plain error" doctrine is not warranted.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.