WARD, Judge.
James Taylor was charged by the State with committing negligent homicide. Taylor entered a plea of not guilty and elected trial by jury. A jury of six found Taylor guilty as charged. Taylor now appeals that verdict.
He first argues he was denied due process because the jury verdict is not supported by sufficient evidence. Second, he argues that the trial court incorrectly instructed the jury when defining reasonable doubt.
We reject Taylor’s first argument because the record shows the evidence supports the verdict of negligent homicide.
Negligent homicide occurs when there is a killing of a human being by criminal negligence; conduct that is such a disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. LSA-R.S. 14:32 and 14:12. To convict a person of negligent homicide, the State must prove that the defendant was criminally negligent and that a killing resulted from this misconduct. State v. Fontenot, 408 So.2d 919 (La.1981), as cited in State v. Clark, 529 So.2d 1353, 1357 (La.App. 5th Cir.1988). The State must prove to the jury both elements beyond a reasonable doubt. State v. Phillips, 514 So.2d 743 (La.App. 2nd Cir.1987).
If a jury finds the evidence proves guilt beyond a reasonable doubt, when that verdict is challenged appellate courts must review the sufficiency of the evidence to determine if the verdict meets due process standards: If the evidence, is considered in the light most favorable to the State, could a reasonable juror have returned a verdict of guilty as charged? Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case the answer is emphatically “yes!” because the evidence shows that on June 29,1985 a car driven by James R. Taylor, Jr. hit Mr. John Graffignini, a seventy-five year old pedestrian, while Graffignini was attempting to cross Pau-ger Street.
Taylor and his passenger were proceeding north on Galvez St. approaching the intersection of Pauger Street when Graffig-nini attempted to cross over.
Travis Williams and Jules Ferrand witnessed the accident and testified describing the intersection and the flow of traffic. They both said Taylor’s vehicle was the last *657 in a series of cars passing and was travel-ling approximately 35 to 40 mph in the left lane with its headlights on when Graffigni-ni was hit. Both witnesses testified they' did not hear a horn or sound of brakes before the collision.
Felix Sanford, Taylor’s passenger, testified that from approximately one-half block away, he noticed Graffignini standing on the sidewalk, but he did not see Taylor’s vehicle hit him. He stated Taylor stopped his vehicle after hitting the victim about one-half block from the scene of the accident. Sanford denied that Taylor was drunk at the time of the accident and testified Taylor drove within the speed limit.
On the other hand, Officer Newton Barrios, the investigating officer, testified to facts that are persuasive: Taylor stopped his vehicle 278 feet from the point of impact. Taylor smelled strongly of alcohol, stumbled when he walked, was unable to stand without assistance, and was loud and argumentative. Taylor admitted he had been drinking and, although Taylor mumbled, he was not completely incoherent.
Dr. Paul McGarry who performed an autopsy on the victim testified that the gruesome dismemberment of the victim’s body indicated that Taylor’s vehicle was traveling 60 to 70 mph on impact. The types of injuries sustained by the victim are commonly caused by vehicles travelling at that rate of speed.
Mr. Graffignini’s daughter, Ms. Gloria Delpit, witnessed the accident and testified Taylor smelled of alcohol. He told her he had attended a wedding.
This evidence more than meets Jackson’s standards of review.
Turning now to Taylor’s second argument, he argues that the Trial Court erred in defining the term “reasonable doubt” to the jury. However, Taylor concedes his trial counsel did not object to the charge. If there is not a contemporaneous objection to the jury charge, then we will not consider the issue on appeal. State v. Anthony Dobson, 578 So.2d 533 (La.App. 4 Cir.1991).
We reviewed the record for errors patent. The record shows the Trial Court erroneously ordered the defendant to serve thirty days in default of payment of court costs. The record indicates Taylor was represented at trial by O.I.D.P. The Trial Court may not impose additional jail time on an indigent defendant in default of payment of court costs. State v. Berryhill, 562 So.2d 1105 (La.App. 4 Cir.1990).
For the foregoing reasons, we amend the defendants sentence to delete the additional jail time in lieu of payment of costs. In all other respects defendant’s conviction and sentence, as amended, are affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AS AMENDED, AFFIRMED.