PLOTKIN, Judge.
Gregory Cuneo was charged on June 7, 1990, by bill of indictment with a violation of LSA-R.S. 14:30.1, second degree murder. He was arraigned on June 13, 1990, and pled not guilty. However, on October 30, 1990, a twelve member jury found him guilty as charged. He was sentenced on November 26, 1990, to life imprisonment at hard labor. The defendant now appeals, arguing that the trial court erred in its charge to the jury on reasonable doubt.
At trial Margaret Stemley, the victim’s mother, testified that her son, Demond Hoffman, and the defendant were friends. On Sunday, April 29, 1990, about 8 A.M., according to Ms Stemley, the defendant rang her doorbell repeatedly. When De-mond answered the door and reported that Greg was there, she told her son it was too early for Greg to come in. About 9:30 A.M., after Ms Stemley had sent Demond to the grocery store, Greg rang the bell again. He asked for Demond and then gave Stemley $3 to give to Demond. Five minutes later, when Demond appeared, Stemley went to the car to tell him Greg had returned because she was concerned and “didn’t like the way Greg looked.” (Trial transcript, p. 12). As she stood at the driver’s window talking to Demond, Cuneo drove up and parked behind De-mond. Cuneo said, “Bop, I want my T.V.” (Trial transcript, p. 13). When Demond did not respond, Cuneo picked up a shotgun from the front seat of his car. Stemley tried to get it away from him, and he pointed it at her. With that Demond ran toward the two, and Cuneo shot Demond.
Dr. Paul McGarry testified that the victim died of a bullet wound approximately three inches in diameter in his stomach. Testimony also revealed that the victim had no drugs or alcohol in his tissue or blood at the time of his death.
Gregory Cuneo testified that he turned himself in on May 1, 1990, for the shooting of Demond Hoffman. Cuneo explained the shooting as the outcome of drug transaction. He said that he bought drugs from a man known as “Turtle Fat” and from De-mond. Once he was attacked by Turtle Fat when he could not pay for drugs taken on credit, and his jaw was broken. In connection with the same debt, Turtle Fat and Demond took his television set. The defendant was arguing with Demond about getting his television set back when the shooting occurred. Cuneo declared that his jaw was still wired from the break, he did not want to be hit again, and so he had the shotgun for self-defense. He claimed to have shot Demond, who weighed one hundred pounds more than he did, as Demond lunged toward him.
A review of the record for errors patent reveals none.
The defendant argues that the trial court erred in defining reasonable doubt in the charge to the jury, and thus he should have a new trial. The language used was almost identical to that used in Cage v. Louisiana, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), where the United States Supreme Court declared that the definition allowed a finding of guilt on a “degree of proof below that required by the due process clause.” In Cage the *176 Court reversed the defendant’s conviction and sentence.
However, this case is distinguishable from Cage because in Cage an objection was made to the jury charge, and in this case no objection was noted. Furthermore, this court has upheld the principle enunciated in LSA-C.Cr.P. articles 841 and 801, respectively, that an error cannot be corrected after verdict unless an objection was made at the time of occurrence, and that a jury charge must be objected to contemporaneously in order to be reviewed on appeal. State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991).
Accordingly, the defendant’s conviction and sentenced are affirmed.