ARMSTRONG, Judge.
Defendant Fred Davis a/k/a Fred Domino was charged by bill of information with a violation of La.R.S. 40:967, distribution of cocaine. Defendant’s first trial was declared a mistrial. However, after a second trial by a twelve member jury he was found guilty as charged. Defendant was sentenced as a triple offender to thirty years at hard labor; he was also sentenced to two consecutive six month terms for contempt of court because of his outbursts during his sentencing hearing. The two six month terms are to run consecutively to the thirty year term. Defendant Davis appeals, requesting a review of the record for errors patent. This Court granted defendant’s motion for extension of time to file a brief, and he has not done so.
At trial NOPD Officer David Kirsch testified that while he was working as an *1371 undercover narcotics officer in the French Quarter on February 16, 1989, about 10:30 p.m., he followed Officer Palermo, another undercover narcotics agent, down Bourbon Street. He saw a white male approach Palermo in the 400 block of Bourbon Street, saw Palermo follow the man two blocks to the 200 block of Bourbon Street, and saw the white man approach Defendant Fred Davis and speak to him. Then Officer Kirsch observed Palermo hand the defendant something; Kirsch also observed the defendant leave, return ten minutes later and hand something to Officer Palermo. NOPD Officer Joseph Palermo testified that as he walked in the 400 block of Bourbon Street on the night of February 16, 1989, a white male approached him and asked, “if I was looking for something for my head.” Officer Palermo walked to the 200 block of Bourbon Street where the white man introduced him to Defendant Freddie Davis as “Freddie Michael” who said, “I can get you a rock for $20.00.” The officer gave the defendant $20.00. Defendant left, returned in ten minutes and handed the officer a white compressed substance which was found to be crack cocaine.
Defendant Freddie Davis testified that on February 16, 1989, as he was walking down Bourbon Street, he saw an acquaintance named “Slim” followed by a man he recognized as a plain clothes police man. Slim told him that he wanted to get drugs for a buyer. At that the defendant replied, “Excuse me, sir. I don’t sell drugs.”
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of R.S. 40:967 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of distribution of cocaine beyond a reasonable doubt. The sentence of thirty years as a triple offender is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant’s conviction and sentence are affirmed. Appellant counsel’s motion to withdraw is granted.
AFFIRMED.