625 So.2d 217 (1993)
STATE of Louisiana
v.
Lionel D. BERNIARD.
No. 92-KA-2020.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1993.
Opinion on Grant of Rehearing September 30, 1993.
*218 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Kevin V. Boshea, Regan and Associates, New Orleans, for defendant/appellant.
Ginger Berrigan, Gravel, Brady & Berrigan, New Orleans, amicus curiae.
Before BARRY, WALTZER and LANDRIEU, JJ.
BARRY, Judge.
The defendant was convicted of second degree murder (La.R.S. 14:30.1) on March 21, 1985 and sentenced to life imprisonment without parole, probation or suspension of sentence. The conviction and sentence were affirmed in an errors patent appeal. State v. Lionel D. Berniard, 500 So.2d 927 (La.App. 4th Cir.1987).
In October 1991 the defendant filed an application for post-conviction relief based on ineffective assistance of counsel on appeal. Defendant's application was granted by the trial judge in May 1992 based on Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), and the defendant was granted a new appeal.
Defendant raises three assignments of error including his contention that the jury instruction regarding reasonable doubt was improper. Because we find this argument has merit, we pretermit discussion of defendant's remaining assignments.

FACTS
Officers Robert Hecker, Eddie Owens, Randall Trepagnier and Thomas Smegal testified that in the early morning hours of September 29, 1984 they responded to a call about a suspicious van parked in the 5000 block of South Robertson Street. The officers went to the scene and observed the defendant crouched on the sidewalk shooting a gun toward a house at 2319 Soniat Street. The officers took cover and the defendant began to run in their direction. Officer Smegal ordered the defendant to freeze and the defendant stopped and raised his arms over his head. The defendant dropped his gun and started to walk away. The officers stopped the defendant, who was dressed in female attire and wearing a wig, and retrieved his gun. They discovered Daryl Hughes lying on the porch of 2319 Soniat Street with gunshot wounds to his forehead, left hip and right lower leg. The defendant gave the officers an alias, but admitted that he shot Hughes.
Hughes died and his autopsy revealed that the cause of death was the wound to his forehead. Bullets taken from Hughes' body were fired from the defendant's gun.
Pat Bass, docket clerk for Criminal District Court, Section "B", testified that Daryl Hughes was to be a State witness in the trial of the defendant's mother.

REASONABLE DOUBT JURY INSTRUCTION
The defendant contends that the instruction to the jury on the definition of reasonable doubt was erroneous. We agree.
The trial court gave the same instruction on reasonable doubt that was held improper in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990):
If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds by reasons of the unsatisfactory character of the evidence; *219 one that would make you feel moral certainty of the defendant's guilt.
* * * * * *
A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason. (Emphasis added).
The defendant concedes that his counsel did not raise an objection to the instruction. In State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied, 588 So.2d 1110 (La.1991), this Court held that where no contemporaneous objection is made to the reasonable doubt jury charge, the claim is not reviewable on appeal.
Our ruling in Dobson must now be reconsidered in light of the U.S. Supreme Court decision in Sullivan v. Louisiana, ___ U.S. ___, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The Supreme Court determined that an erroneous Cage instruction on reasonable doubt, such as the instruction quoted above, not only violates a defendant's due process rights but also denies his right to have a jury find him guilty beyond a reasonable doubt. Sullivan held that such an erroneous instruction is reversible error as a "structural defect in the constitution of the trial mechanism" and is not subject to a harmless error analysis. The opinion further states that when an erroneous Cage instruction is given, "... there has been no jury verdict within the meaning of the Sixth Amendment...." (Emphasis added). The Court explained that "... the essential connection to a `beyond-a-reasonable-doubt' factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates all the jury's findings."
This Court in Dobson rejected the defendant's contention that the "plain error" doctrine should apply to allow appellate review of the jury charge notwithstanding the absence of a contemporaneous objection. The panel in Dobson noted:
The Supreme Court has consistently rejected the `plain error' rule; State v. Arvie, 505 So.2d 44 (La.1987); State v. Thomas, 427 So.2d 428 (La.1982); except in the unusual circumstances as in State v. Williamson, 389 So.2d 1328 (La.1980), where the error involved the very definition of the crime of which the defendant was convicted and State v. Green, 493 So.2d 588 (La.1986), where the court considered that the omission of an instruction that the defendant's prior theft conviction could be considered only for the purpose of sentence enhancement and not for the purpose of determining defendant's guilt or innocence could arguably make the statute itself unconstitutional. Such unusual circumstances are not present in the instant case and a departure from the rule against the `plain error' doctrine is not warranted.
In light of the determination that an erroneous Cage instruction deprives a defendant of his fundamental Sixth Amendment right to a jury trial, we now overrule State v. Dobson.[1]
*220 This type of deprivation of rights is a "structural defect" worthy of a departure from the policy against the "plain error" doctrine. Thus, we hold that a reviewing court may now consider a defendant's claim on appeal that a trial court erred in its instruction as to reasonable doubt, despite the absence of a contemporaneous objection to that instruction.[2]
The defendant is granted a new trial. The case is remanded for further proceedings.
REVERSED; REMANDED.
Before SCHOTT, C.J., and BARRY, KLEES, BYRNES, CIACCIO, LOBRANO, WARD, ARMSTRONG, PLOTKIN, JONES, WALTZER and LANDRIEU, JJ.

ON REHEARING GRANTED BY COURT EN BANC
PER CURIAM.
This is before the court en banc on its own motion to reconsider overruling State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied, 588 So.2d 1110 (La.1991).
In the original opinion the court found pursuant to Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) that the instruction to the jury on reasonable doubt was erroneous. The court reversed defendant's conviction even though there was no contemporaneous objection to the jury instruction as required by Dobson and specifically overruled Dobson.
As pointed out in the original opinion, the three judge panel which originally heard this case circulated their proposal to overrule Dobson to the court en banc and eight judges approved the proposal. However, on rehearing only six judges have voted to overrule Dobson with the result that Dobson controls the present case.
Since there was no contemporaneous objection to the erroneous instruction on reasonable doubt the issue was not preserved for appeal. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
KLEES, PLOTKIN, JONES, WALTZER and LANDRIEU, JJ., dissent for the reasons assigned by BARRY, J.
BARRY, Judge, dissenting with reasons.
The defendant was convicted of second degree murder (La.R.S. 14:30.1) on March 21, 1985 and sentenced to life imprisonment without parole, probation or suspension of sentence. The conviction and sentence were affirmed in an errors patent appeal. State v. Lionel D. Berniard, 500 So.2d 927 (La.App. 4th Cir., 1987).
In October 1991 the defendant filed an application for post-conviction relief based on ineffective assistance of counsel on appeal. Defendant's application was granted by the trial judge in May 1992 based on Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), and the defendant was granted a new appeal.
Defendant raises three assignments of error including his contention that the jury instruction regarding reasonable doubt was improper.

FACTS
Officers Robert Hecker, Eddie Owens, Randall Trepagnier and Thomas Smegal testified that in the early morning hours of September 29, 1984 they responded to a call about a suspicious van parked in the 5000 block of South Robertson Street. The officers went to the scene and observed the defendant crouched on the sidewalk shooting a gun toward a house at 2319 Soniat Street. The officers took cover and the defendant began to run in their direction. Officer Smegal ordered the defendant to freeze and the defendant stopped and raised his arms over *221 his head. The defendant dropped his gun and started to walk away. The officers stopped the defendant, who was dressed in female attire and wearing a wig, and retrieved his gun. They discovered Daryl Hughes lying on the porch of 2319 Soniat Street with gunshot wounds to his forehead, left hip and right lower leg. The defendant gave the officers an alias, but admitted that he shot Hughes.
Hughes died and his autopsy revealed that the cause of death was the wound to his forehead. Bullets taken from Hughes' body were fired from the defendant's gun.
Pat Bass, docket clerk for Criminal District Court, Section "B", testified that Daryl Hughes was to be a State witness in the trial of the defendant's mother.

REASONABLE DOUBT JURY INSTRUCTION
The defendant contends that the Cage instruction to the jury on the definition of reasonable doubt amounts to a constitutional violation and lack of due process.
The trial court gave the same instruction on reasonable doubt that the United States Supreme Court held was improper in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d (1990):
If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds by reasons of the unsatisfactory character of the evidence; one that would make you feel moral certainty of the defendant's guilt.
* * * * * *
A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt, for which you could give good reason. (Emphasis added).
In State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied, 588 So.2d 1110 (La.1991), this Court held that where no contemporaneous objection is made to the Cage charge, the claim is not reviewable on appeal. The defendant concedes that his counsel did not raise an objection to the faulty instruction.
Our ruling in Dobson must be reconsidered in light of the U.S. Supreme Court decision in Sullivan v. Louisiana, ___ U.S. ___, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The Supreme Court determined that an erroneous Cage instruction on reasonable doubt, such as the instruction quoted above, not only violates a defendant's due process rights but also denies his right to have a jury find him guilty beyond a reasonable doubt. Sullivan held that such an erroneous instruction is reversible error as a "structural defect in the constitution of the trial mechanism" and is not subject to a harmless error analysis. The opinion further states that when an erroneous Cage instruction is given, "... there has been no jury verdict within the meaning of the Sixth Amendment...." (Emphasis added). The Court explained that "... the essential connection to a `beyond-a-reasonable-doubt' factual finding cannot be made where the structural error consists of a misdescription of the burden of proof, which vitiates all the jury's findings."
This Court in Dobson rejected the defendant's contention that the "plain error" doctrine should apply to allow appellate review of the jury charge notwithstanding the absence of a contemporaneous objection. The panel in Dobson noted:
The Supreme Court has consistently rejected the `plain error' rule; State v. Arvie, 505 So.2d 44 (La.1987); State v. Thomas, 427 So.2d 428 (La.1982); except in the unusual circumstances as in State v. Williamson, 389 So.2d 1328 (La.1980), where the error involved the very definition of the crime of which the defendant was convicted and State v. Green, 493 So.2d 588 (La.1986), where the court considered that the omission of an instruction that the *222 defendant's prior theft conviction could be considered only for the purpose of sentence enhancement and not for the purpose of determining defendant's guilt or innocence could arguably make the statute itself unconstitutional. Such unusual circumstances are not present in the instant case and a departure from the rule against the `plain error' doctrine is not warranted.
In light of the determination that an erroneous Cage instruction deprives a defendant of his fundamental Sixth Amendment right to a jury trial, State v. Dobson must be overruled.
This type of deprivation of rights is a "structural defect" worthy of a departure from the policy against the "plain error" doctrine. Thus, a reviewing court must now consider a defendant's claim on appeal that a trial court erred in its instruction as to reasonable doubt, despite the absence of a contemporaneous objection to that instruction.
This case was presented on direct appeal, hence it is unnecessary to determine whether Sullivan applied retroactively to post-conviction applications.
The defendant should be granted a new trial.
NOTES
[1] In accordance with the internal rules of this Court, the question of overruling State v. Dobson was presented to this Court en banc. Eight judges approved overruling Dobson (Chief Judge Patrick M. Schott, Judge Denis A. Barry, Judge Robert J. Klees, Judge Joan Bernard Armstrong, Judge Steven R. Plotkin, Judge Charles R. Jones, Judge Miriam G. Waltzer, and Judge Moon Landrieu.) Judge William H. Byrnes, Judge Philip C. Ciaccio III, Judge Robert L. Lobrano and Judge Charles R. Ward would not overrule Dobson. Judge Ward assigned the following reasons, which were adopted by Judges Ciaccio and Lobrano:

While Sullivan plainly says "a constitutionally deficient reasonable-doubt instruction cannot be harmless error," and constitutes reversible error as a "structural defect in the constitution of the trial mechanism," Sullivan does not set aside Louisiana's procedural rules which require a contemporaneous objection to preserve an issue for appeal. An objection not only preserves the issue, it first notifies the trial court that counsel does not agree with the instructions, and it next gives the trial court an opportunity to consider counsel's complaint, that is to reflect on the law and to correct an error if he is convinced of it. Without an objection, the trial court may well conclude that counsel agrees with the instruction, or even desires it. In any event, without an objection the trial court will not have an opportunity to make a decision on the issue.
The argument that the "Cage" instruction would have been given in spite of any objection is sheer speculation, demeaning to trial courts as an inference that they would not listen to well reasoned argument.
Nothing in Sullivan definitively requires overruling Dobson, and until a court of higher jurisdiction holds that Louisiana's requirement of a contemporaneous objection is inapplicable to jury instructions, I am not willing to overrule Dobson, particularly in light of the enormous consequences of such a decision.
[2] As this case was presented on direct appeal, it is unnecessary to determine whether the holding in Cage applies retroactively to post-conviction applications.