BARRY, Judge.
The defendant was convicted of aggravated kidnapping (La.R.S. 14:44) and sentenced to life imprisonment at hard labor. The conviction and sentence were affirmed in an errors patent appeal. State v. Ford, 416 So.2d 1301 (La.1982).
The defendant filed an application for post-conviction relief based on ineffective assistance of appellate counsel. The application was granted based on Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990) and the defendant now contends:
The jury instruction regarding reasonable doubt was improper; His trial attorney failed to submit evidence of insanity.

FACTS

On May 5, 1979 the defendant approached Kathleen Houte in the bathroom of a department store. The defendant held a knife to Ms. Houte’s neck and demanded $5,000 and a Chevrolet Caprice automobile. When a security guard arrived the defendant became agitated and made more demands. He threatened to cut off Ms. Houte’s fingers if the automobile did not arrive. The defendant took $60 from Ms. Houte and said he would not release her unless the money and car were produced.
Sergeant Paul Melancon and other negotiators asked the defendant to remove the knife from Ms. Houte’s neck. The defendant repeated his demands. Sergeant Melancon calmed the defendant and wrestled the knife from the defendant and subdued him.
The defendant testified that he remembered nothing about the incident. He said that he had smoked angel dust (PCP), ingested valium and drank alcohol earlier that day. He admitted that he had taken such drugs fairly regularly since he was thirteen or fourteen years old.
Dr. Ignacio Medina, Jr., an expert in psychiatry called by defense counsel, testified that heavy dosages of those drugs might impair his impulse control. While PCP is not generally associated with a criminal act, drinking and taking valium makes a person more prone to such conduct. Although no psychosis or organic disease was found, Dr. Medina believed the defendant was a danger to himself and others, but he knew right from wrong at the time of the incident. It was stipulated that Dr. Fant, psychiatrist, was in substantial agreement with Dr. Medina.
Dr. William Super, a psychiatrist called by the State, testified that he found no evidence of psychosis during three examinations of the defendant. It was his opinion that the conduct by the defendant showed that he knew right from wrong because he made rational decisions and responses during negotiations with the police.

REASONABLE DOUBT INSTRUCTION

The defendant contends that the jury instruction on the definition of reasonable doubt amounts to a constitutional violation and lack of due process. The trial court gave essentially the same instruction on reasonable doubt that the United States Supreme Court held was improper in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).
In State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.), writ denied, 588 So.2d 1110 (La. 1991), this Court held that when no contemporaneous objection is made to the Cage charge the issue is not reviewable on appeal. In State v. Berniard, 625 So.2d 217, 220 (La.App. 4th Cir.1993) (on reh’g), writ applied for, (La. 93-K-2705, October 28, 1993) *479 this Court was divided (6-6) en banc on whether Dobson should be overruled. Therefore, Dobson is the rule of this Circuit.[1] The defendant concedes that no objection was raised to the faulty instruction, therefore the issue was not preserved.

INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant’s counsel withdrew the not guilty plea on the day of trial and entered a plea of not guilty and not guilty by reason of insanity. The defendant contends that constitutes ineffective counsel because insufficient evidence was presented to support the plea of not guilty by reason of insanity, yet it amounted to an admission of criminal conduct.
To substantiate a claim of ineffective assistance of counsel, a defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). “Such performance is ineffective when it can be shown that counsel made errors so serious that he was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Bell, supra at 969. To show the deficient performance resulted in prejudice, a defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 694, 104 S.Ct. at 2068.
The issue of ineffective assistance of counsel is generally addressed by applying to the trial court for post-conviction relief based on a full evidentiary hearing. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 619 So.2d 1102 (La.App. 4th Cir. 1993). However, if the appeal record contains enough evidence upon which to base a ruling on the issue, the appellate court will make a determination in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Johnson, supra.
In State v. Solomon, 606 So.2d 1012 (La. App. 4th Cir.1992), writ denied, 613 So.2d 972 (La.1993), the appellant argued that his trial counsel was ineffective for failure to raise the defense of insanity. This Court concluded that rejection of the insanity defense could have been reasonable trial strategy or the result of counsel’s failure to investigate. Because the record was not sufficient to make such a determination, this Court declined to address the issue and remanded for a full evidentiary hearing.
There is no information in this record regarding the extent of defense counsel’s investigation, if any, into prior mental or substance abuse problems. As in Solomon, we cannot determine if trial counsel’s decision was tactical or amounts to ineffective assistance. Therefore, the defendant’s assignment should be raised by a post-conviction application in the trial court.
The conviction and sentence are affirmed.

AFFIRMED.

. The author of this opinion wrote the dissent in Bemiard, 625 So.2d at 220, on rehearing, based on Sullivan v. Louisiana,-U.S.-, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Waltzer, J„ joined the dissent.