I,WALTZER, Judge.
STATEMENT OF THE CASE
Defendant Fred Davis a/k/a Fred Domino was charged by bill of information on 28 March 1989 with a violation of La.R.S. 40:967, distribution of cocaine. Defendant’s first trial was declared a mistrial. After a second trial by a twelve member jury he was found guilty as charged on 6 September 1989. Defendant was sentenced to serve twenty years with the Department of Corrections. On 19 October 1989 the State filed a multiple bill charging defendant as a multiple offender under La.R.S. 15:529.1. On 15 December 1989, the trial court vacated the original sentence, found defendant to be a triple offender and sentenced him to thirty years at hard labor; he was also sentenced to two consecutive six month terms for contempt of court because of his outbursts during his sentencing hearing. The two six month terms are to run consecutively to the thirty year term. Defendant appealed, requesting a review of the record for errors patent. This Court affirmed the conviction. State v. Davis, 591 So.2d 1370 (La.App. 4 Cir.1991).
On 29 July 1994 defendant moved to correct his allegedly illegally lenient sentence on the ground that it did not specify that it be served without the benefit of parole, probation or suspension. On 11 April 1991 the trial court granted defendant an out of time appeal on his motion for post conviction relief. We affirm the conviction and sentence.
STATEMENT OF FACTS
At trial NOPD Officer David Kirsch testified that while he was working as an undercover narcotics officer in the French Quarter on 16 February 1989, about [210:30 p.m., he followed Officer Joseph Palermo, another undercover narcotics agent, down *81 Bourbon Street. He saw a white male approach Palermo in the 400 block of Bourbon Street, saw Palermo follow the man two blocks to the 200 block of Bourbon Street, and saw the white man approach defendant and speak to him. Then Officer Kirsch observed Palermo hand the defendant something; Kirsch then observed the defendant leave, return ten minutes later and hand something to Officer Palermo.
Officer Palermo testified that while walking in the 400 block of Bourbon Street on the night of 16 February 1989, a white male approached him and asked if he was looking for something for his head. The officer walked to the 200 block of Bourbon Street where the man introduced him to defendant as “Freddie Michael.” Defendant said, “I can get you a rock for $20.00.” Officer Palermo gave defendant $20, defendant left, returned in ten minutes and handed the officer a white compressed substance which was found to be crack cocaine.
Defendant testified that on the evening in question he was walking down Bourbon Street when he saw an acquaintance, “Slim”, followed by a man he recognized as a plain-clothes police officer. Slim told him that he wanted to get drugs for a buyer. Defendant testified that he replied, “Excuse me, sir. I don’t sell drugs.”[1]
FIRST ASSIGNMENT OF ERROR: The jury instructions impermissibly equated “reasonable doubt” with substantial, actual and serious doubt while | ^understating the level of certainty needed for conviction by stating simply that it is never based on mere suspicion or conjecture. Under Cage v. Louisiana, the defendant was denied a fair trial.
Our review of the transcript of defendant’s trial shows that counsel did not make a contemporaneous objection to the jury charge on burdens of proof. Failure to object to the charge before the jury retires or within such time as the court may reasonably cure the alleged error precludes review of this assignment of error. La.C.Cr.P. art. 801; State v. Bush, 91-0150 (La.App. 4 Cir. 3/15/94), 634 So.2d 79, citing State v. Dobson, 578 So.2d 533 (La.App. 4 Cir.), writ denied, 588 So.2d 1110 (La.1991) and State v. Berniard, 625 So.2d 217 (La.App. 4 Cir.1993), writ denied 93-2705 (La.9/23/94), 642 So.2d 1308, cert. denied 513 U.S. 1159, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995).
This assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR: The state elicited and failed to cure inadmissible and confusing testimony from Officer Kirsch implying evidence of other crimes.
The prosecutor asked Officer Kirsch, “What was [defendant] placed under arrest for?” The officer replied, “He was placed under arrest for possession of crack and distribution.” Defense counsel objected, and the trial court overruled the objection. Counsel did not move for mistrial. The defendant seeks to characterize this testimony as evidence of “other crimes.” It is clear from the context of the j ¿examination that Officer Kirsch was referring to the possession and distribution of cocaine that is the subject of the instant case. There is nothing in the record to suggest that the officer testified to “other crimes” or that a reasonable juror would infer from the testimony that the officer referred to other crimes.
This assignment of error is without merit.
THIRD ASSIGNMENT OF ERROR: Defendant was denied effective assistance of counsel when trial counsel failed to request a mistrial upon the prosecutor’s having elicited testimony of inadmissible evidence of other crimes.
Ordinarily, the issue of ineffectiveness of trial counsel properly is raised *82 in an application for post-conviction relief in the trial court where a full evidentiary hearing may be held. State v. Prudholm, 446 So.2d 729 (La.1984). However, when the record on appeal discloses sufficient evidence upon which to make a determination of counsel’s effectiveness, the appellate court may decide the issue in the interest of judicial economy.
Because we find no merit to defendant’s contention that the testimony in question was impermissible, we conclude that counsel was not ineffective for having failed to request a mistrial.
This assignment of error is without merit.
|,DEFENDANT’S PRO SE ASSIGNMENT OF ERROR: Defendant’s sentence is constitutionally excessive.
No law shall subject any person to cruel, excessive or unusual punishment. La. Const. Art. I, Sec. 20. The excessiveness of a sentence is a question of law renewable under this Court’s appellate jurisdiction. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. Id. La.C.Cr.P. art. 894.1(A) and (B) provide sentencing guidelines. As a reviewing court, we are to determine whether the sentence imposed is excessive in light of this particular defendant and the circumstances of the case, being mindful that the maximum sentence should be reserved for the most egregious violations of the charged statute. State v. Caston, 477 So.2d 868 (La.App. 4 Cir.1985).
The trial judge stated at the original sentencing that he found a factual basis under C.Cr.P. art. 894.1(A)(3) under the facts of this case and the defendant’s prior criminal activity and convictions for possession of marijuana, cocaine and attempted simple burglary. The court held an evidentiary hearing on the state’s multiple offender bill and found defendant to be a third offender, with two prior drug convictions. Again, he gave C.Cr.P. art. 894.1(A)(3) as a basis for the thirty year sentence. The trial judge did not further particularize aggravating or mitigating factors.
|fiAt the time of defendant’s offense, the statutory range of sentence was fifteen to sixty years. LSA-R.S. 40:967; LSA-R.S. 15:529.1.
In State v. Olidge, 575 So.2d 400 (La.App. 4 Cir.1991), writ denied 629 So.2d 410 (La.1993), this court affirmed a thirty year sentence for possession of more than 28 but less than 200 grams of cocaine where the defendant had a prior drug conviction, a conviction for armed robbery and numerous arrests but was not charged as a habitual offender. We held that a twenty-five year sentence for possession of 256.6 grams of cocaine was not an excessive exercise of the trial court’s discretion where defendant had two prior drug-related offenses and was not found to be a habitual offender. State v. Hernandez, 513 So.2d 312 (La.App. 4 Cir.), writ denied 516 So.2d 130 (La.1987).
In the instant case, defendant was found to be a third offender and received a lower-mid-range sentence: fifteen years more than the minimum and thirty years less than the maximum. He was observed to be openly engaged in the sale of drags in disregard of the law. C.Cr.P. art. 894.1 is satisfied, without the necessity of remand, where the evidence in the record clearly shows an adequate factual basis for the sentence. State v. Telsee, 425 So.2d 1251 (La.1983). Under the totality of circumstances, and in the absence of any mitigating factors, we do not find this lower-mid-range sentence to be excessive.
This assignment of error is without merit.
| CONCLUSION AND DECREE
Having found no merit in the foregoing assignments of error, we affirm defendant’s conviction and sentence.
*83 CONVICTION AND SENTENCE AFFIRMED.

. This summary of the testimony is taken from this Court’s opinion in State v. Davis, supra.